Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
cory@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK NEIL,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; LOANPAL, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: '20CV0657 JAH AGS<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting

//

## II. PARTIES

2. Plaintiff MARK NEIL ("Plaintiff") is a natural person residing in the State of California, County of San Diego.

3. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 ANTON BLVD., COSTA MESA, CA 92626. EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

5. Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 555 W ADAMS ST., CHICAGO, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

6. Defendant LOANPAL, LLC ("LOANPAL") at all times relevant was a

corporation doing business throughout the state of California and operating from an address at 8781 Sierra College Blvd., Roseville, CA 95661.

7. LoanPal is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25. LoanPal furnishes consumer information to consumer reporting agencies.

8. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

9. Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

## III. FACTUAL ALLEGATIONS

10. On a date unknown, Plaintiff's identity was stolen.

11. The individual(s) opened a joint, secured home improvement loan for $80,000 in Plaintiff's name (the "Account") with Defendant LoanPal without Plaintiff's authorization.

12. LoanPal reported reported the Account to Plaintiff's credit file as an $80,000 secured home improvement loan with multiple 30 day past dues, 60 days past dues, 90 past dues, and 120 days past due.

13. The information LoanPal reported to the credit reporting agencies was false as

Plaintiff never had an account with LoanPal and never authorized anyone to open an account with LoanPal.

14. Plaintiff disputed the false information with LoanPal and Experian, Equifax, and Trans Union ("the CRAs") in writing as he does not owe on the Account, was not past due on the Account and never authorized anyone to open the Account.

15. LoanPal and the CRAs failed to conduct a reasonable investigation into the disputes alleged by Plaintiff and continued to report the inaccurate Account on his credit file.

16. The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contained the false information.

17. LoanPal and the CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

18. As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged.

19. Plaintiff further suffered from frustration and emotional distress.

**IV. FIRST CLAIM FOR RELIEF**

**(Against All Defendants for Violations of the FCRA)**

20. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21. The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

22. The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to LoanPal; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

23. LoanPal violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by

failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the CRAs.

24. The Defendants' unlawful conduct damaged Plaintiff as referenced above.

25. The Defendants' unlawful conduct was willful.

26. Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

27. Plaintiff is further entitled to recover costs and attorneys' fees from the CRAs pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V. SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

28. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29. Defendants violated the CCRAA, by including but not limited to, the following:

(a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

(b) The CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the dispute information is inaccurate and record the current status of the disputed information, or delete the item from the file;

(c) LoanPal violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Defendants knew or should have known was incomplete or inaccurate; and

(d) LoanPal violated California Civil Code §1785.25(g) by failing to maintain reasonable procedures to comply with the CCRAA.

30. Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

32. Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages,and attorney's fees and costs pursuant to California Civil Code §1785.31.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Statutory damages;

(d) Costs and reasonable attorney's fees; and

(e) For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: April 6, 2020

/s/Cory M. Teed
Cory M. Teed
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: April 6, 2020

/s/Cory M. Teed
Cory M. Teed
Attorney for Plaintiff